UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LONNIE C. BARNUM,

       Plaintiff,

v.                                        CASE NO. 8:11-cv-2813-T-30MAP

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of the Commissioner's decision denying his claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). He raises eight errors (incomplete hypothetical to the vocational expert, improper RFC standard, failure to properly consider the medical opinions, failure to properly consider lay witness testimony, failure to recognize severity of impairments, and failure to properly apply Eleventh Circuit pain standard), but none of these requires an administrative remand. Accordingly, I recommend his complaint be dismissed and the Commissioner's decision affirmed.[2]

*A. Background*

---

[1] Colvin became the Acting Commissioner of Social Security on February 14, 2013, replacing Micahel J. Astrue who resigned effective February 13, 2013.

[2] The district judge referred the matter to me for a report and recommendation. Local Rule 6.01(c)(21).

Plaintiff, who was forty years old at the time of his most recent administrative hearing, has work experience as a forklift driver and a fast food worker.[3] He alleges he has been unable to work since March 15, 2003, due to back pain, chronic obstructive pulmonary disease (COPD), bipolar disorder, and depression. After hearing testimony from Plaintiff and a vocational expert and considering the medical evidence, the ALJ concluded Plaintiff retained the residual functional capacity (RFC) to perform less than the full range of light work.[4] Although the ALJ found Plaintiff cannot perform his past work, he opined that Plaintiff can perform the job of small products assembler, wrapping and packing, poly packer and heat sealer, and merchandise marker, with jobs available in the local and national

---

[3] The Plaintiff originally filed applications for Title II and Title XVI benefits in 2003, and the SSA denied his claims initially and upon reconsideration. Thereafter, the Plaintiff filed a request for a hearing, and after two hearings in January and July 2007, the ALJ issued a written decision on August 15, 2007, finding Plaintiff not disabled. While the Appeals Council found no basis to review the ALJ's decision and denied Plaintiff's request for review, the Plaintiff filed an action in this Court challenging the ALJ's decision and the Court remanded the case under sentence four of 42 U.S.C. §405(g) for further proceedings. On remand, the Plaintiff's 2003 applications were consolidated with subsequent applications he had filed in 2008. The ALJ conducted a hearing and heard additional evidence from a vocational expert, and opined that Plaintiff is not disabled. The Appeals Council denied Plaintiff's request for review, and Plaintiff filed this action requesting judicial review.

[4] The regulations (20 C.F.R. §§ 404.1567(b) and 416.967(b)) define "light work" as: work that involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."

economy. Thus, the ALJ concluded Plaintiff was not disabled.

*B. Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her

age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. 42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remanding for clarification).

*C. Discussion*

*1. vocational expert hypothetical*

Plaintiff contends that the ALJ posed an incomplete hypothetical to the VE. He claims the hypothetical should have included all of the limitations from Dr. Chowdhari because the ALJ's decision reflects that he gave "considerable weight" to Dr. Chowdhari's opinions. In response, the Commissioner states that the hypothetical encompassed those significant limitations included in the ALJ's assessment of Plaintiff's physical limitations

4

based upon the medical evidence, including medical evidence from Dr. Chowdhari.

Review of pain specialist Dr. Chowdhari's treatment records shows that he examined Plaintiff in March 2007, for complaints of back pain (R. 349-51) and that Plaintiff sought treatment from Dr. Chowdhari intermittently in 2007-08 (R. 324-353, 829-844, 893-906) and in June 2010 (R. 943-946). Dr. Chowdhari noted Plaintiff's limited range of motion in lower extremities and diagnosed acute exacerbation of chronic intractable pain in neck, upper and lower back, radiculopathy of lower extremities, lumbar disc disease, lumbar facet atrophy, sacroilliac joint arthropathy, myofascial paraspinal area, cervical facet arthropathy (R. 350). Thereafter, from March 2007 through June 2008, Dr. Chowdhari treated Plaintiff with epidural steroid blocks and trigger point injections (R. 334, 829-43, 893-906), and Plaintiff reported "excellent pain relief"(R. 342), and that pain post treatment was "better" (831). Most recent note in June 2010 indicates Plaintiff appeared "able to function better" (R. 946). In July 2007, Dr. Chowdhari completed a medical opinion, and opined therein that Plaintiff is limited to occasional lifting of twenty pounds, frequent lifting of ten pounds, no prolonged sitting or standing without an hourly limit, sitting minutes at a time, standing thirty minutes at a time, walking every sixty minutes (R. 355-56). Dr. Chowdhari also limited Plaintiff to positions with a sit/stand option, and indicated Plaintiff would need to lie down at unpredictable intervals during the work day (R. 356). Other limitations imposed include occasional twisting, bending, crouching, climbing of ladders and stairs (R. 356) and restricted his ability to reach overhead, push/pull, and his exposure to cold, extreme heat and noise (R. 357). The medical evidence reflects that Dr. Hughes, who performed a consultative

examination in March 2007, limited Plaintiff to occasional lifting of twenty pounds, frequent lifting of ten pounds, and standing for six hours of an eight hour day (R. 312). Like Dr. Chowdhari, Dr. Hughes found Plaintiff must alternate sitting/ standing, and limited climbing, balancing, kneeling, crouching, crawling, and stooping (R. 313).

The ALJ rejected Dr. Chowdhari's finding that Plaintiff needed to lie down at unpredictable intervals, but provided adequate reasons for his decision.[5] The ALJ opined that Dr. Chowdhari's July 2007 assessment was entitled to considerable weight "and there are certain aspects of the doctor's opinion which are in fact consistent with the residual functional capacity determined in this decision. Specifically, Dr,. Chowdhari's opinion that the claimant can only occasionally lift 20 pounds, climb, stoop, and crouch..." The ALJ further opined that "... the need to lie down for underdetermined [sic], unpredictable intervals was not supported by the record as a whole" (R. 468). While an ALJ must pose an accurate hypothetical that takes into account all the claimant's impairments, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record. *Wind v. Barnhart,* 133 Fed. Appx. 684 (11th Cir. 2005); *Pendley v. Heckler,* 767 F.2d 1561 (11th Cir. 1985). The ALJ's hypothetical posed to a vocational expert must comprehensively describe the plaintiff's limitations. *Id.* at 1563.

---

[5] The law of this circuit requires that the testimony of a treating physician be given substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). However, an ALJ may reject the opinion of any physician when the evidence, as a whole, supports a contrary conclusion. *Bloodsworth*, 703 F.2d at 1240 (citing *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981)).

*Crawford v. Comm'r of Social Security,* 363 F.3d 1155, 1160-61 (11th Cir. 2004); *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987).  Moreover, statements from acceptable medical sources about what a claimant can do are relevant evidence, but they are not determinative because the ALJ has the responsibility to assess a claimant's RFC.  20 C.F.R. §§ 404.1527, 404.1545, 404.1546. 416.927; SSR 96-5p.  Here, the ALJ included those limitation he found credible.  Accordingly, I find the ALJ's hypothetical complete and his reliance upon the VE's testimony in response to his questions proper.

     *2. RFC*

  In a confusing and conclusory fashion, the Plaintiff asserts the ALJ's RFC determination is flawed because he failed to indicate the standard used to determine Plaintiff could perform substantial gainful activity (SGA).  Plaintiff claims that if the ALJ had utilized the standard set forth by the SSA in SSR 96-8p, he would have concluded Plaintiff did not retain the RFC to perform SGA.  The gist of SSR 96-8p is that the ALJ must identify the plaintiff's functional limitations or restrictions and assess her work-related abilities on a function by function basis, and only after that may RFC be expressed in terms of exertional levels of work, sedentary, light, medium, heavy, and very heavy.  *Freeman v. Barnhart*, 220 Fed.Appx. 957 (11th Cir. 2007).  (unpublished) (although ALJ "could have been more specific and explicit in his findings," the ALJ complied with ruling by posing hypothetical to VE which limited claimant to light exertional activity).  Here, as in *Freeman*, the ALJ considered all of the evidence and found it did not support Plaintiff's claimed level of disability.  The ALJ complied with SSR 96-8p by considering Plaintiff's functional

limitations and restrictions before expressing her residual functional limitations in terms of exertional levels.

### 3. *medical evidence*

In addition to claiming the ALJ failed to give proper weight to Dr. Chowdhari's opinion that he needs to lie down at unpredictable intervals (discussed above), the Plaintiff also claims the ALJ erred by failing to give proper weight to the opinions of Drs. Rosenthal, Hughes, Hussain, Bhat, Bursten, and Vijapura. Plaintiff generally argues that the ALJ erred by "tak[ing] bits and pieces of what some doctors say to justify the significant weight to Dr. Hughes and Dr. Hussain or not even address the evidence in total" (doc. 8, p.5). Review of the ALJ's comprehensive decision shows that in fact he discussed each and every treating, examining and consulting physician, and considered all of the medical evidence in the record (R. 466-469). Plaintiff claims the ALJ failed to discuss his most recent psychiatrist, Dr. A.K. Vijapura. Medical evidence from Dr. Vijapura reflects office visits on April 29, 2010, and July 6, 2010, and a no show on June 22, 2010 (R. 947-48). As the ALJ's decision reflects, Plaintiff saw Dr. Vijapura after a significant gap in treatment (from 2007-2010) and though he reported feeling delusional and suspicious, Dr. Vijapura described him as "friendly and cooperative" and noted that Plaintiff "claims his current medication works" (R. 466, 947-48). Dr. Vijapura prescribed additional medications to address Plaintiff's symptoms, however there are no other records in the medical evidence and it is unclear whether Plaintiff sought additional treatment from Dr. Vijapura (R. 948).

Contrary to the Plaintiff's assertion, the ALJ considered and discussed the GAF

scores, and, as required, provided sufficient reasons for the weight he assigned to each medical source. A GAF score merely reflects the examiner's impression of the patient's alleged symptoms or possible difficulty in social, occupational, or school functioning on a particular day. *See Diagnostic and Statistical Manual of Mental Disorders,* 32-34 (4th ed. 2000, text rev.). Absent evidence that an examiner assigned a GAF score based on his opinion regarding a patient's ability to work, a GAF score is not entitled to any weight and does not translate to a specific finding as to functional limitations. *Ward v. Astrue,* 2008 WL 1994978, *3 (M.D. Fla. May 8, 2008). Moreover, statements from acceptable medical sources about what a claimant can do are relevant evidence, but they are not determinative because the ALJ has the responsibility to assess a claimant's RFC. 20 C.F.R. §§ 404.1527, 404.1545, 404.1546. 416.927; SSR 96-5p. Accordingly, and for the reasons set forth by the Commissioner (doc. 12, pp. 8-17), I find the ALJ properly considered the medical evidence and did not err in assessing the medical source opinions.

       *4. lay witness testimony*

Plaintiff next asserts that the ALJ failed to properly assess his mother, Betty Warren's, testimony. Plaintiff states that Warren's testimony substantiates his own testimony and the medical records of Dr. Chowdhari and other medical sources, and must be given substantial weight. The ALJ discussed Warren's testimony, stating she "provided evidence suggesting that the claimant was unable to seek, gain, or maintain employment of any type due to his impairments" (R. 466). The ALJ concluded that Warren's opinions were entitled to "only moderate weight" as she is "not a medical professional who is familiar with

the requirements for a finding of disability under Social Security law, nor did not have access to the claimant's entire medical record" (R. 466). Although the ALJ did not dissect the Plaintiff's mother's testimony, he adequately addressed it and gave reasons for assigning it only moderate weight. Moreover, the ALJ addressed the Plaintiff's similar testimony and concluded it was not wholly credible because it was inconsistent with the weight of the medical evidence. *See generally Landry v. Heckler*, 782 F.2d 1551, 1554 (11th Cir. 1986) (ALJ's refusal to hear testimony from claimant's wife and two friends as to extent of Plaintiff's pain was harmless error where other record evidence showed that testimony would have been irrelevant to ALJ's final decision); *Young v. Apfel*, 221 F.3d 1065 (8th Cir. 2000) (ALJ's failure to give specific reasons for disregarding plaintiff's husband's testimony was inconsequential since same evidence ALJ used to discount plaintiff's testimony also supported discounting husband's testimony); *Books v. Chater*, 91 F.3d 972, 980 (7th Cir. 1993) (ALJ's failure to discuss plaintiff's brother's testimony not error where it reiterated and corroborated plaintiff's own testimony and ALJ found plaintiff's testimony untenable in light of other evidence); *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (ALJ's failure to discuss plaintiff's son's testimony was harmless error because the ALJ's decision supported by medical evidence).

> 5. *alleged impairments*

Plaintiff asserts the ALJ erred at step two by concluding his only severe impairments were degenerative disc disease, lumbar and cervical, COPD, and depression. He contends that in light of weight the ALJ assigned to Drs. Chowdhari, Rosenthal, Bhat, and Vijapura's

10

opinions, the ALJ should have also found radiculopathy, myofascial impairments, a history of degenerative arthritis, inability to stoop, post traumatic stress disorder, delusions and hallucinations, medication side effects, fatigue, dizziness and nausea are also severe impairments. Plaintiff's claim that the ALJ erred by failing to consider these additional impairments as severe impairments needs little discussion. Assuming arguendo that the Plaintiff does suffer from these additional impairments, he failed to offer any evidence that these impairments impacted his basic work activities. 20 C.F.R. § 404.1521. The medical records and Plaintiff's testimony fail to show that these additional impairments affected his ability to work beyond the limitations already imposed by the ALJ. As the Commissioner notes, adding these additional impairments to the severe impairments the ALJ listed would not serve any practical purpose because the Plaintiff has failed to prove that any of his impairments or his impairments considered in combination caused limitations not already included in the ALJ's residual functional capacity finding. *See generally Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (stating that "the mere existence of these impairments does not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard"); *McCruter, supra*, 791 F.2d at 1547 ("'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work"). *See also Burgin v. Comm'r. Of Soc. Sec.*, 420 Fed. Appx. 901, 902 (11th Cir.2011) (the "finding of any severe impairment based on a single impairment or a combination of impairments, is enough to satisfy step two [of the sequential process] because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition,

11

including impairments the ALJ deemed not severe"); *Heatly v. Commissioner of Social Security,* 382 Fed.Appx. 823, (11th Cir. 2010) ("Even if the ALJ erred in not indicating whether chronic pain syndrome was a severe impairment, the error was harmless because the ALJ concluded Heatly had a severe impairment, and that finding is all that step two requires"). Accordingly, I find that the ALJ did not err at step two in assessing the Plaintiff's impairments.

### 6. *the pain standard*

The regulations dictate how the Commissioner evaluates pain. The Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. §§ 404.1529 and 416.929. "Objective evidence" means medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. §§ 404.1528 and 416.928. "Other evidence," as that term is used here, includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. §§ 404.1512(b)(2)-(6) and 416.912(b)(2)-(6). The Eleventh Circuit pain standard incorporates this scheme by requiring: evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). Indeed, in certain instances, pain alone can be disabling even

if unsupported by objective evidence. *Foote* at 1561.

Although the Plaintiff acknowledges that the ALJ utilized the Eleventh Circuit pain standard, he asserts error because the ALJ found his complaints about severity not supported by the record. The ALJ noted that the Plaintiff's description of his daily activities were not "limited to the extent one would expect, given the complaints of disabling symptoms and limitations" and that the record reflects work activity after the alleged onset date (R. 466). The ALJ also noted that the record failed to support Plaintiff's allegations of medication side effects. Though the Plaintiff correctly contends that daily activities of short duration are not dispositive of disability, I find the ALJ's properly applied the pain standard and provided ample support for his conclusion that the "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (R. 464) In short, I find no fault with the ALJ's consideration of that fact in assessing the Plaintiff's credibility.

*C. Conclusion*

Finding no error and concluding the Commissioner followed the regulatory scheme, it is hereby

RECOMMENDED:

1. That the Plaintiff's complaint be dismissed and the Commissioner's decision be affirmed.

13

    2.       That the Clerk be directed to enter judgment for the Commissioner.

IT IS SO RECOMMENDED in Tampa, Florida on February 22, 2013.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:    Hon. James S. Moody, Jr.
       Counsel of Record